THE STATE OF IOWA, Appellant, v. E. B. RHINE,
Appellee.

**Forgery:** CONSTRUCTION OF STATUTE. The uttering of a forged writing purporting to be from the parent of a minor female, therein named, to the clerk of the district court, and representing that the girl was of age, and requesting that a license to marry such female issue to a person named in such writing, is not an indictable offense under the provisions of sections 3917, 3918, of the Code. [BECK, C. J., *dissenting.*]

*Appeal from Tama District Court.*—HON. L. G. KINNE,.
Judge.

FRIDAY, DECEMBER 18, 1891.

THE defendant was charged by indictment with the·
crime of uttering and publishing as true, with intent to
defraud, a forged instrument of writing. A demurrer·
to the indictment was sustained, and the defendant was.
released. The state appeals.—*Affirmed.*

*John R. Caldwell,* County Attorney, for the State..

No appearance for appellee.

ROBINSON, J.· The charging part of the indictment
is as follows:

"The grand jury of the county of Tama, in the·
name and by the authority of the state of Iowa, accuse
E. B. Rhine of the crime of uttering a false, forged, and
counterfeit instrument in writing, committed as follows:
The said E. B., Rhine, on the twenty-first day of
May, A. D. 1889, in the county of Tama and state of
Iowa, as aforesaid, feloniously and falsely did utter and.
publish as true, with intent to defraud, a certain false,.
forged and counterfeit instrument in writing, which·
said false, forged and counterfeit instrument in writing·
is as follows; that is to say: 'Mr. Edwards: Please,
give E. B. Rhine his license to marry my girl; she is.
eighteen. MADISON SADDLER;' which said instrument.
in writing was then and there indorsed on the back by·
one G. A. Edwards as follows: 'Filed May 21, 1889..
G. A. EDWARDS, Clerk;' the said Edwards being then
and there the duly elected, qualified and acting clerk
of the district court of Iowa, in and for Tama county;
and he, the said E. B. Rhine, the said false, forged
and counterfeit instrument in writing then and there·
falsely and feloniously presented to the said Edwards,
with intent to procure, deceive and defraud him, the·

said Edwards, to issue a license for the marriage of the said defendant, E. B. Rhine, and one Sarah Saddler, a girl of the age of fifteen years at that time, and the eldest daughter of one Madison Saddler, without the consent and against the wishes of the parents of the said Sarah; the said E. B. Rhine, at the said time he so uttered, published and presented the said false, forged and counterfeit instrument in writing, as aforesaid, then and there well knowing the same to be false, forged and counterfeit, contrary to and in violation of law."

The following are the provisions of the Code under which the indictment was found:

"Section 3917. If any person, with intent to defraud, falsely make, alter, forge or counterfeit * * * any attestation or certificate of any public officer or other person, in relation to any matter wherein such attestation or certificate is required by law, or may be received or be taken as legal proof, * * * he shall be punished by imprisonment in the penitentiary not more than ten years.

"Section 3918. If any person utter and publish as true any record, process, certificate, deed, will or any other instrument of writing mentioned in the preceding section, knowing the same to be false, altered, forged or counterfeited, with intent to defraud, he shall be punished by imprisonment in the penitentiary not more than fifteen years, and fined not exceeding one thousand dollars."

The Code also provides that when application is made to the clerk of the district court for a marriage license, and he is not acquainted "with the age and condition of the parties for the marriage of whom the license is applied for, he must take the testimony of competent and disinterested witnesses on the subject." Section 2189. Also, "if either party is a minor, the consent of the parent or guardian must be filed in the clerk's office after being acknowledged by the said parent or guardian or proved to be genuine. * * * "

Section 2191. It is claimed on behalf of the state that the writing in ·question is a certificate of a person in relation to a matter wherein such a certificate may be received or taken as legal proof, within the meaning of section 3917 of the Code. If the writing purports to be a paper recognized by the statute, it is the consent required by section 2189, notwithstanding the fact that it contains a statement to the effect that the female had attained her majority. A certificate is defined to be "a writing by which an officer or other person bears testimony that a fact has or has not taken place." 1 Bouvier's Law Dictionary. Also, "a written testimony to the truth of any fact." Webster's Dictionary. Section 3917 refers to a certificate required by law, or which may be taken as legal proof of a fact. But the writing contemplated by section 2191 is not mere proof of a fact; it is the act or deed itself, constituting the consent of the parent or guardian, which must be filed with the clerk, and the proof of that consent is the acknowledgment of the person who gave it, or other competent evidence. We conclude that the paper in controversy does not purport to be and is not a certificate within the meaning of section 3917, and that the defendant was not guilty of the crime charged in the uttering and publishing of it as alleged. The judgment of the district court is therefore AFFIRMED.

BECK, C. J., dissenting.